GOWER *v.* LOONEY.

4-5657

133 S. W. 2d 451

Opinion delivered November 20, 1939.

*C. A. Holland* and *Dene H. Coleman,* for appellant.
*Ben B. Williamson,* for appellee.

HUMPHREYS, J. The sole question presented for determination on this appeal is whether appellant, who was elected sheriff and collector of Stone county, Arkansas, at the general election on the 8th day of November, 1938, forfeited his right to serve as sheriff and collector of said county by failure to make and file the kind of surety bond required by law within fifteen days from the date he received his commission. According to the

undisputed evidence he received his commission on the 9th or 10th day of December, 1938, and attempted to file bonds with personal sureties thereon on the second or third day of January, 1939, at which time he tendered his bonds to the county clerk with personal sureties thereon. Section 11810 of Pope's Digest is as follows:

"Section 11810. Each sheriff shall within fifteen days after the receipt of his commission, enter into bond to the state of Arkansas, in any sum not less than five thousand nor more than fifty thousand dollars, with good and sufficient security, to be approved as required by §§ 10405 and 10406, conditioned that he will well, truly and faithfully discharge and perform the duties of his office."

Section 11813 of Pope's Digest provides: "If any sheriff shall fail to enter into bond within the time prescribed by this act, the office shall be deemed vacant, and it shall be the duty of the county clerk to notify the Governor of such vacancy."

The county clerk refused to accept or file the bonds tendered by appellant on the ground that they had not been filed within fifteen days after he received his commission and the further ground that they were signed by personal sureties instead of being signed by a bonding, surety or guaranty company authorized to do business in the state of Arkansas as required by act No. 329 of the Acts of 1937.

The county clerk then notified the Governor that appellant having failed to make bonds required by law there was a vacancy in the office of sheriff and collector of Stone county, Arkansas, and on the 5th day of January, 1939, the Governor declared a vacancy in the office of sheriff and collector of Stone county, and appointed appellee, George W. Looney, on January 10, 1939, sheriff and collector of said county.

A contention then arose between appellee and appellant as to who was sheriff and collector of said county and appellant brought this suit in the circuit court of

Stone county to oust appellee who had assumed the duties
of sheriff and collector under his appointment by the
Governor. This suit was brought on January 26, 1939,
and after the issues were made up and before the final
hearing of the case on May 1, 1939, the circuit court
issued a temporary injunction against appellant restrain-
ing him from exercising any of the duties of sheriff
and collector and preventing him from occupying the of-
fice of sheriff and collector of Stone county until the
final hearing of the cause.

On the final hearing of the cause the court declared
appellee to be the sheriff and collector of Stone county,
and from this judgment an appeal has been duly prose-
cuted to this court.

Since appellant failed to make and file bond within
fifteen days after he received his commission the judg-
ment of the trial court must be affirmed under the sec-
tions of Pope's Digest cited above and for the further
reason that the bonds made and attempted to be filed
by appellant were without any validity. Even had they
been made and filed within fifteen days after appellant
received the commission, they failed to comply with act
No. 329 of the Acts of 1937 in that they were signed by
individuals instead of by a bonding, surety or guaranty
company authorized to do business in the state of Ar-
kansas in conformity with act No. 329 of the Acts of
1937.

Relative to sureties on bonds of officials, § 21 of art.
19 of the Constitution of 1874 provided that: "The
sureties upon the official bonds of all state officers shall
be residents of and have sufficient property within the
state not exempt from sale under execution, attach-
ment or other process of any court, to make good their
bonds; and the sureties upon the official bonds of all
county officers shall reside within the counties where
such officers reside, and shall have sufficient property
therein, not exempt from such sale, to make good their
bonds."

This section of the Constitution was amended in
1900 so as to allow the legislature to provide for sureties

and bonding companies to become surety on the official bonds of all state and county officers. Amendment No. 4 added to the provisions of § 21, art. 19, of the original Constitution of 1874 the following language: "Provided, however, that any surety, bonding or guaranty company, organized for the purpose of doing surety or bonding business, and authorized to do business in this state, may become surety on the bonds of all state, county and municipal officers under such regulations as may be prescribed by law."

We think this proviso authorized the legislature to prescribe by law the kind and character of bonds that all state and county officers should make and file. We think the purpose and intent of the amendment was to allow the legislature to provide the kind of official bonds state and county officers should give and not to confer any absolute right on an officer to give the kind of bond he might desire to give. It was not intended to vest in officers any rights, but was intended to allow the legislature the right to regulate the kind and character of bonds to be given by officers. We find nothing in Amendment No. 4 prohibiting the legislature from requiring public officers to give bond in surety or guaranty companies. Under the amendment, the legislature might require all state and county officers to give bonds with personal security or to give bonds in surety companies. By the passage of act 329 of 1937, the legislature chose to require all state and county officers to give bonds in surety or guaranty companies which were authorized to do business in Arkansas and since there is no prohibition from passing such an act in Amendment No. 4, act No. 329 of 1937 does not offend against Amendment No. 4, or § 21 of art. 19 of the Constitution of 1874.

Section 1 of act 329 of the Acts of 1937 is as follows: "From and after the effective date of this act, the official bonds of all state, county, and district officers now required by law to furnish official bonds, shall be executed by such officials as principal and shall be executed by some surety company authorized to do business in Arkansas, as surety."

The act is mandatory; so all bonds of state, county and district officers from the effective date of the act, must be executed by such officials as principal, and by some surety company authorized to do business in Arkansas, as surety.

For the reasons given the judgment of the trial court must be affirmed.